**ESSO INTERNATIONAL, INC.**

v.

**The SS CAPTAIN JOHN, her Engines, Boilers, etc., and Bright Star Steamship Company, Inc.**

**No. 66–H–8.**

United States District Court,
S. D. Texas,
Houston Division.

March 11, 1970.

Fulbright, Crooker, Freeman, Bates & Jaworski, E. V. Greenwood, Houston, Tex., for plaintiff.

Eikel & Goller, Robert Eikel, Houston, Tex., for defendant.

## MEMORANDUM

GARZA, District Judge.

Plaintiff, Esso International, Inc., originally brought this suit in Baltimore in rem and in personam to recover $37,398.46 from Bright Star Steamship Company, Inc., for fuel and lubricants furnished the SS CAPTAIN JOHN.

Since the CAPTAIN JOHN was found in Baltimore, the vessel was seized and the Defendant, Bright Star Steamship Company, Inc., posted its bond to secure release to it of the vessel. The suit was later transferred to the Houston Division of this Court, where the Defendant, Bright Star Steamship Company, Inc., a Panamanian corporation, had an office and where it was believed the principal witness resided.

That the fuel and lubricants being sued upon were delivered to the SS CAPTAIN JOHN is not in dispute, but the Defendant, Claimant and Owner of the SS CAPTAIN JOHN, denies that it owes the claim of the Plaintiff because it had paid in full for all fuels and lubricants furnished the vessel by payments

made to J.S. Gissel and Company from whom the Defendant claims it purchased the fuels and lubricants in question, and that Bright Star Steamship Company, Inc., never authorized anyone to place a lien on its vessel, the SS CAPTAIN JOHN.

That this Court has jurisdiction over the parties and the subject-matter of the suit is without dispute.

Away back in the early 1940's, Captain John Theocharides and Captain Demetrios Couvielos, who had known each other for many years, saw each other in Houston, Texas, and decided to invest their money and go into the shipping business. Captain Couvielos has testified in this cause that they were both acquainted with Collin & Gissel who had acted as agents for ships that they brought into the Port of Houston, and that they decided to let Collin & Gissel, which was a company wholly owned by Julius S. Gissel who had filed the necessary papers to do business under the assumed name of Collin & Gissel, to act as their agents. A contract to name Collin & Gissel as the managing agent for Bright Star Steamship Company, Inc., and/or the SS CAPTAIN JOHN (which is not the present SS CAPTAIN JOHN, as it seems that this is the third SS CAPTAIN JOHN that Bright Star Steamship Company, Inc., has owned) was entered into on September 7, 1946 (Plaintiff's Exhibit 19).

As has been said, Julius S. Gissel was the sole owner of Collin & Gissel, but he had as his office manager his brother and business associate, Lewis Gissel.

In 1946, Julius S. Gissel, as the manager and principal stockholder, formed a Texas corporation called J.S. Gissel and Company, to own and operate a transportation business with power to buy all kinds of steamship vessels and other water craft, and in fact did own tug boats, barges and the like. Lewis Gissel was a vice-president of J.S. Gissel and Company.

Collin & Gissel and J.S. Gissel and Company operated out of the same offices, and for all practical purposes was one and the same business, with Lewis Gissell acting as office manager for both.

Bright Star Steamship Company, Inc., had no office of its own in Houston, but an office was provided in the same place where the headquarters of Collin & Gissel and J.S. Gissel and Company were, for the use of Captains Theocharides and Couvielos.

Bright Star Steamship Company, Inc., had, when it owned other vessels not involved in this lawsuit, entered into purchase contracts of fuel and lubricants from the Plaintiff and its predecessor through contracts signed by Collin & Gissel, its managing agents.

When the present SS CAPTAIN JOHN was purchased, Captain Couvielos has testified that Mr. Julius Gissel came to him to let him obtain the fuel and lubricants for the SS CAPTAIN JOHN through a contract that he had through J.S. Gissel and Company with the Plaintiff.

Early in January of 1964, Mr. Lewis Gissel, signing in his capacity as Vice-President of J.S. Gissel and Company, executed a marine fuel contract with the Plaintiff, under which the Plaintiff undertook to furnish fuel oil requirements (including requirements of Bright Star Steamship Company, Inc.).

In March, 1964, Mr. Lewis Gissel, signing in the same capacity, executed an Essomarine Lubricants contract with the Plaintiff under which the Plaintiff undertook to furnish lubricant requirements "including Bright Star Steamship Company, Inc.," and referring therein to the MT CAPTAIN JOHN. A provision in each of those contracts provided for a lien on the vessel to which fuel, oil and/or lubricants were furnished under the contracts, to secure the payment of the purchase price thereof.

The first contract above referred to is Plaintiff's Exhibit No. 11, and the second is Plaintiff's Exhibit No. 12.

The contention of the Claimant here, Bright Star Steamship Company,

Inc., that J.S. Gissel and Company was not authorized to contract for fuel and lubricants to be put on board the SS CAPTAIN JOHN, cannot be upheld. Julius Gissel, as sole owner of Collin & Gissel and as the major stockholder of J. S. Gissel and Company, had ample authority as the managing agent under the assumed name of Collin & Gissel to contract for the furnishing of the fuel and lubricants in question to the SS CAPTAIN JOHN.

While Lewis Gissel wore two hats, as office manager of Collin & Gissel and as Vice-President of J.S. Gissell and Company, whenever he signed his name he was acting for both Collin & Gissel and J.S. Gissel and Company, and for Julius Gissel, his brother. Julius Gissel was given permission by the owners to arrange for the fuel and lubricants for the SS CAPTAIN JOHN, and whether he acted through Lewis Gissel as Collin & Gissel or J.S. Gissel and Company, makes no difference.

▪ Captain Couvielos has testified that he was always presented with the invoices rendered by the Plaintiff on the fuel and lubricants delivered to the SS CAPTAIN JOHN, such as the invoices in Plaintiff's Exhibits Nos. 1 through 8. Those invoices show conclusively that the invoices were charged to the SS CAPTAIN JOHN and Owners in the care of J.S. Gissel and Company. This should have put the owners of the SS CAPTAIN JOHN on notice that the Plaintiff was not looking for payment to J.S. Gissel and Company, but to the SS CAPTAIN JOHN and its owners.

Even if it could be said that J.S. Gissel and Company was not an agent of the SS CAPTAIN JOHN, the owners are estopped from denying such agency because they have in fact ratified the actions of J.S. Gissel and Company in contracting with the Plaintiff for the fuel needs of the SS CAPTAIN JOHN.

This litigation has arisen because J.S. Gissel and Company went into bankruptcy proceedings in this Court on December 15, 1964, in Cause No. 64–H–84.

The Plaintiff in this cause filed its claim (Defendant's Exhibit 13) for the original $37,398.46 in that cause and received a twenty per cent (20%) dividend on its claim, which amounted to $7,479.-69, leaving a balance on its present claim in this cause of $29,918.77.

▪ The Defendant in this cause is claiming that the filing of the claim by the Plaintiff in the bankruptcy proceedings of J.S. Gissel and Company estops them from prosecuting this claim, and shows clearly that they were looking to J.S. Gissel and Company, and no one else, for the payment of the fuel and lubricants delivered to the SS CAPTAIN JOHN.

This contention is wholly without merit. When the Plaintiff filed its claim in the bankruptcy proceeding, it attached to it its Schedule A which informed the Bankruptcy Court of this suit having been filed in Baltimore, that the SS CAPTAIN JOHN had been seized and that a bond had been posted for its release. The said Schedule A contained the following language:

"Filing of this proof of claim does not constitute a waiver in any way of Claimant's right against said vessel or said bond."

There was a preferred mortgage on the SS CAPTAIN JOHN, a copy of the mortgage both in English and in Greek was on board the vessel and contained the prohibition-against-liens clause. The Claimant, Bright Star Steamship Company, Inc., is claiming that said prohibition-against-liens clause prevented anyone from creating a lien against the vessel.

▪ This prohibition-against-liens clause in the mortgage is of no help to the Claimant in preventing the lien from accruing herein in favor of the Plaintiff. See this Court's opinion in Rockport Yacht & Supply Company, Inc. v. M/V CONTESSA, D. C., 209 F.Supp. 396, and the cases cited therein.

▪ The Defendant in this cause also claims that the Plaintiff is barred by

**318**

laches from prosecuting this claim. With the exception of a $36.16 balance on an invoice under which deliveries were made as of May 28, 1964, all of the other invoices cover materials delivered on dates ranging from August 7, 1964, through November 19, 1964; and even though the invoices in question were submitted under a 30-day payment clause, since the suit here was filed on February 5, 1965, I find that Plaintiff could not be guilty of laches as claimed by the Defendant.

There is no question that Collin & Gissel had in its possession sufficient funds of the Defendant to cover the invoices in question, but the proof shows that it was using the funds that it had in its hands of the Defendant for other purposes; and evidence before the Court (D.18) shows that on December 31, 1964, Collin & Gissel owed Bright Star Steamship Company, Inc., $72,851.70.

■ If an agent does not pay the account of his principal, even though he has been furnished the money to pay it, does not keep the holder of that account from claiming it against the person owing it. When Lewis Gissel entered into the contracts with the Plaintiff (Exhibits 11 and 12), he was acting as an agent of the owners of the SS CAPTAIN JOHN and as a person authorized by the owners within the meaning of Title 46, U.S.C.A., 971, and did in fact impose a lien on the SS CAPTAIN JOHN.

The Plaintiff herein has a lien on the SS CAPTAIN JOHN, and the Plaintiff is entitled to judgment against Bright Star Steamship Company, Inc., Claimant, and its Stipulator, National Surety Corporation, for the full amount of $29,918.77. Under the circumstances of this case, I refuse to grant any interest to the Plaintiff other than from the date of entry of judgment herein.

Costs are hereby assessed against the Defendant.

These constitute the Findings of Fact and Conclusions of Law of this Court.